## Case No. 15,511.

### UNITED STATES v. KEEN.

[5 Mason, 453.] [1]

Circuit Court, D. Massachusetts. May Term, 1830.

OFFENCES UNDER CUSTOMS LAWS — OBSTRUCTING CUSTOMS OFFICER—DEFENCES.

It is no defence to an indictment for forcibly obstructing or impeding an officer of the customs in the discharge of his duties, that the object of the party was personal chastisement, and not to obstruct or impede the officer in the discharge of his duties, if he knew the officer to be so engaged.

[Cited in U. S. v. Taylor, 57 Fed. 393.]
[Cited in State v. Maloney, 12 R. I. 254.]

Indictment against the defendant [Shadrick Keen], for forcibly obstructing and impeding one James Gooch, an officer of the customs, and an inspector, in the discharge of the duties of his office, against Act 1799, c. 128, § 71 [1 Story's Laws, 633; 1 Stat. 678, c. 22]; Act March 3, 1815, c. 246, § 3 [2 Story's Laws, 1516; 3 Stat. 232, c. 94]; and Act March 3, 1823, c. 186, § 3 [3 Story's Laws, 1927; 3 Stat. 782, c. 59]. Plea, not guilty.

At the trial it was admitted that Gooch was an inspector of the customs, and known as such by the defendant. Evidence was also before the jury for the purpose of showing, that Gooch, while in the actual discharge of his duty as inspector, in superintending the unlading some goods on board of a vessel in the port of Boston, was, upon some sudden quarrel between the parties, assaulted and struck several times by the defendant.

Mr. Welsh, for defendant, contended, that it was not sufficient that there was an actual obstruction of the inspector in the discharge of his duties, but the assault must be, not for the purpose of personal chastisement, but with intent to obstruct him in his duties.

Mr. Dunlap, è contra.

STORY, Circuit Justice, in summing up to the jury, said:

The court are clearly of opinion that the argument of the defendant's counsel upon the point of law, cannot be maintained. To constitute an obstruction or impediment within the meaning of the act, it is not necessary that the party should intend to obstruct or impede the officer in the discharge of his duties. If the officer is in fact obstructed or impeded in the discharge of his duties by a person, knowing him to be an officer, then engaged in his duties, the case is within the act. It is wholly immaterial that the party has another object in view, to avenge a supposed wrong or affront, or to inflict a personal chastisement. The law intends to protect public officers, while in the discharge of their duties, from all violence and forcible impediments. That is not the

1 [Reported by William P. Mason, Esq.]

time or place to avenge private quarrels. The security of the revenue, as well as the convenience of merchants, requires that such a protection should exist. The fact of forcible impediment, and not the private intent of the party, if the fact is unjustifiable, constitutes the offence in contemplation of law.

Verdict, guilty.