## UNITED STATES *v.* GIBSON.

*(District Court, N. D. Illinois.* June 8, 1891.)

1. FEDERAL COURTS—CRIMINAL JURISDICTION—BRIBERY.
   An indictment for offering an internal revenue officer a bribe to set fire to a distillery situated within the limits of a state is not cognizable by the federal courts, since there are no common-law offenses against the United States; and Rev. St. U. S. § 5451, which makes it a crime to offer to bribe an officer of the United States with intent to influence him to do or omit to do any act in violation of his lawful duty, applies only to acts within the official functions of the officer.

2. SAME.
   The fact that an internal revenue officer has the right, by virtue of his office, to enter the distillery at any time, does not bring the offense within the cognizance of the federal courts.

At Law. Decision on motion to quash indictment.

*T. E. Milchrist,* Asst. Dist. Atty., for the United States.

*George Burry,* for defendant.

BLODGETT, J. I will now dispose of this motion to quash in the case of the *United States* v. *Gibson.* This case is now before the court on a motion to quash the indictment. The indictment contains five counts, all of which, in substance, charge the defendant with offering one De War a bribe or valuable consideration in money or property to induce De War to set fire to a distillery in the city of Chicago, in this district, used and occupied by H. H. Schufeldt & Co., he (De War) being at the time such offer was made to him an internal revenue officer of this collection district, and in some of the counts describing De War as an internal revenue gauger, and assigned for duty in this district, and having, as such officer, a right to enter such distillery in the day or night time. The indictment is framed to bring the offense charged within the scope of section 5451 of the Revised Statutes of the United States, which reads as follows:

"Sec. 5451. Every person who promises, offers, or gives, or causes or procures to be promised, offered, or given, any money or other thing of value, or makes or tenders any contract, undertaking, obligation, gratutity, or security for the payment of money, or for the delivery or conveyance of anything of value, to any officer of the United States, or to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the government thereof, or to any officer or person acting for or on behalf of either house of congress, or of any committee of either house, or both houses thereof, with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, or with intent to influence him to commit, or aid in committing, or to collude in or allow, any fraud, or make opportunity for the commission of any fraud on the United States, or to induce him to do or omit to do any act in violation of his lawful duty, shall be punished as prescribed in the preceding section."

Another section of the Revised Statutes makes it a criminal offense for any public officer of the United States to accept a bribe to influence his

action in his official capacity; and section 3177 of the Revised Statutes of the United States, and others bearing upon the same subject, give any internal revenue officer the right to enter any building or place when open, either by day or night, where articles subject to internal revenue tax are produced, made, or kept, for the purpose of examining such articles. It is well established by a long series of decisions in the United States courts that there are no common-law offenses against the United States; that a person can only be punished criminally in the United States courts by virtue of an act of congress creating the offense and providing the punishment. *U. S.* v. *Worrall*, 2 Dall. 393; *U. S.* v. *Lancaster*, 2 McLean, 431; *U. S.* v. *Irwin*, 5 McLean, 178. The duty of the internal revenue gauger may be, in general terms, said to be the superintending of the drawing off and distilling of alcoholic spirits from the cistern or other receptacle in which they are placed, etc., and seeing that the proper internal revenue stamps are affixed to such packages. It is no part of the duty of a gauger or any other internal revenue officer to protect the distillery, or any of the property therein, from violence, injury, or destruction. The only duty of such officer is to see that the spirits produced in such distillery are made to pay the internal revenue tax imposed upon them, and there is no federal statute making it a criminal offense for an internal revenue officer to set fire to a distillery, or otherwise destroy it. It seems therefore to me too clear to require argument that, if it is not a crime under any law of the United States for an internal revenue officer to set fire to a distillery of his own volition or impulse, without the influence or request of another, then it is not a crime against the United States for another person to bribe him to do it. The statute I have quoted makes it a crime against the United States for any one to offer to bribe an officer of the United States for intent to influence him to commit, or aid in the committing, or to collude in or to allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his lawful duty; but to bribe or induce such an officer to do an act not connected with his line of duty impinges upon no United States law, and does not subject the offender to indictment and punishment in the United States courts.

Distillery property and the products of a distillery are not under the special protection of the United States. They are under the surveillance of the internal revenue officers, for the purpose of collecting the tax imposed on the spirits produced there, but that is all the relation the United States bears to them. They are under the protection of the laws of the state as to security, the same as any other property in such state, but not, as the law now stands, under the protection of the United States government. Stress seems to be laid in the indictment upon the fact that the internal revenue officer mentioned in it had the right, by virtue of his office, to enter the distillery which was to be set on fire. This right of entrance may have made this officer a convenient person for the purposes of the defendant if defendant wished to have the distillery in question set on fire, but it no more brought the contemplated offender within the federal cognizance than if the officer had been influenced by

a bribe from the defendant to murder another person who was within the distillery, and whom the officer could more readily have obtained access to by reason of his right to enter. The bribe offered was for an act entirely outside the official function of the officer to whom, it is claimed, the bribe was offered. The right to enter the distillery was not given him that he might do this, but that he might enter there for the purpose of merely inspecting the articles in the distillery, and hence the act which it was sought to have him accomplish by the inducement offered was in no respect within the duty of this officer. The alleged offers cannot be said to have been made to induce the officer to do or omit to do any act in violation of his lawful duty. It will, of course, be understood that this motion is disposed of solely on the ground that the offense charged was not within the jurisdiction of this court, but is wholly within the cognizance of the state courts.

The motion to quash is sustained.