BLAKE v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 27, 1895.)

No. 130.

1. RECORD ON APPEAL—INSTRUCTIONS.
   The rule applied that a charge to the jury does not become part of the record unless incorporated in the bill of exceptions.

2. SAME—PRESUMPTIONS—CORRECTNESS OF CHARGE.
   On a prosecution for resisting the service of process by a United States officer, where the only exception which the record shows to have been taken during the trial is one to an instruction that "the only wrong of the officer which would have justified" defendant's action "would have been seizing him" without giving notice of his official character, "and that he was in discharge of the official duty in executing that warrant under the circumstances of this case," and what constitutes these "circumstances," does not appear, it will be presumed that the charge as a whole was correct.

3. RESISTING OFFICER—EXECUTION OF PROCESS—INDICTMENT.
   An indictment under Rev. St. § 5398, for assaulting a United States officer while engaged in the execution of a warrant, need not allege that the warrant was given to the officer to be by him executed, or that it was in his hands at the time of the alleged assault, or that the officer had any orders, directions, or authority to execute the warrant.

4. SAME.
   Nor need the indictment set out the warrant or its purport.

5. SAME—ALLEGATION OF KNOWLEDGE.
   An indictment under Rev. St. § 5398, directed against one who "knowingly and willfully" assaults an officer engaged in executing any process or warrant, must allege the scienter as to all the elements involved in the offense.

6. SAME.
   But in an indictment for this class of offenses, in the usual form for the class, the words "knowingly and willfully," in the first part thereof, apply to all which follow them, though the grammatical connection is not strictly made.

In Error to the District Court of the United States for the District of Maine.

Anson M. Goddard, for plaintiff in error.
Albert W. Bradbury, U. S. Atty., for defendants in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PUTNAM, Circuit Judge. We find in the printed transcript laid before us a copy of the entire charge to the jury at the trial in the

district court; but we do not find that it was incorporated into the bill of exceptions, or that it is in any way of record in that court. It may be considered by us as the opinion of the learned judge who presided in that court, the same as any other opinion required by rule 14 (11 C. C. A. civ., 47 Fed. vii.) to be transmitted with the record, but not as a part of it. The law is well settled that in common-law cases it can have no other effect. The rule has lately been reaffirmed in Clune v. U. S., 159 U. S. 590, 16 Sup. Ct. 125, as follows:

"Finally, there is a claim of error in the instructions, but the difficulty with this is that they are not legally before us. True, there appears in the transcript that which purports to be a copy of the charge, marked by the clerk as filed in his office among the papers in the case; but it is well settled that instructions do not, in this way, become part of the record. They must be incorporated in a bill of exceptions, and thus authenticated by the signature of the judge. This objection is essentially different from that of the lack or the sufficiency of exceptions. An appellate court considers only such matters as appear in the record. From time immemorial that has been held to include the pleadings, the process, the verdict, and the judgment, and such other matters as by some statutory or recognized method have been made a part of it. There are, for instance, in some states, statutes directing that all instructions must be reduced to writing, marked by the judge 'Refused' or 'Given,' and attested by his signature; and that, when so attested and filed in the clerk's office, they become a part of the record. But, in the absence of that or some other statutory provision, a bill of exceptions has been recognized as the only appropriate method of bringing onto the record the instructions given or refused."

Therefore all we have before us as to any exception taken during the trial is the following:

"And be it further remembered that, after the testimony was closed, in charging the jury, the court, among other things, instructed the jury as follows: "The only wrong of the officer which would have justified any forcible resistance on the part of Mr. Blake would have been seizing him and committing an assault upon him without any warning or notice of his official character, and that he was in the discharge of the official duty in executing that warrant, under the circumstances of this case.' To the foregoing instructions the said respondent seasonably excepted, and his exception was duly allowed."

This gives us only a detached sentence, without the context or any explanation, one of which is ordinarily necessary to a true appreciation of what is thus singled out. All the evidence is reported, and therefore this difficulty might, perhaps, be overcome but for the closing words of the sentence excepted to, "under the circumstances of this case." This is an essential qualification, which this court has no method of estimating. On error it is important to have it appear how the case was presented in the court below. King v. Asylum, 12 C. C. A. 145, 64 Fed. 331, 358. The evidence will not disclose this, because, while it shows what questions might have been raised, it does not make certain what were in fact raised. The latter, and these only, were the "circumstances of this case" referred to by the portion of the charge excepted to. As we cannot know what these were, in the only way the law allows us to know them, the presumption that the charge as a whole was correct must stand. Reagan v. Aiken, 138 U. S. 109, 113, 11 Sup. Ct. 283. We think this presumption applies to

cases of ordinary misdemeanors, however it may be with reference to capital offenses, other felonies, or infamous crimes. We are, however, entitled to examine the whole charge in determining whether we can, in our discretion, furnish the plaintiff in error any method of relief by which he can at some future time bring before us any questions he intended to raise. We are satisfied that the expression excepted to, taken in connection with the entire charge, the remainder of which was not excepted to, could not have misled the jury; so there is no occasion for our exercising any such discretion, even if we could.

We have also a motion in arrest of judgment for the alleged insufficiency of the indictment. The indictment is short, so we give its substance by its tenor:

"The grand jurors of the United States of America, for the district of Maine, aforesaid, on their oath present that Herbert Blake, of Hallowell, in said district of Maine, on the 11th day of December, in the year of our Lord one thousand eight hundred and ninety-four, at Hallowell, in the said district of Maine, knowingly and willfully, with force and arms, an assault did make in and upon one Noah M. Prescott, and him, the said Noah M. Prescott, did beat and wound, he, the said Noah M. Prescott, being then and there a duly-authorized officer of the United States, to wit, a deputy marshal of the United States for said district, and being then and there in discharge of his duty as said deputy marshal in executing a warrant duly issued from the district court of the United States for said district for the arrest of said Herbert Blake, against the peace and dignity of the said United States, and contrary to the form of the statute of the said United States, in such case made and provided."

The reasons for which it is claimed judgment should have been arrested, set out in the motion, are as follows, except the numerals inserted by us:

"(1) Because it is not alleged that at the time of making said assault said Blake knew said Noah M. Prescott to be a deputy marshal of the United States, or that the said Blake knew him to be in the discharge of his official duty in executing a legal warrant, or that the said Blake knew that said Noah M. Prescott had a legal warrant which he was attempting to execute; further (2) because it is not alleged in said indictment that the supposed warrant was a legal warrant in due form; (3) because it is not alleged that the warrant was under seal of said court; (4) because it is not alleged that said warrant was duly attested; (5) because it is not alleged that said warrant was issued on an indictment returned to said court; (6) because it is not alleged that said warrant was issued in consequence of any alleged crime or other matter within the jurisdiction of said court; (7) because all the allegations in said indictment, taken together, are insufficient to show that the supposed warrant was legal in form, and sufficient to authorize the arrest of said Blake; (8) because all the allegations in said indictment, taken together, are insufficient to show that the supposed assault was not justifiable in resisting an attempted execution of a warrant illegal on its face; (9) because the warrant is not set forth at length in said indictment, and (10) because the purport of said warrant is not set forth in said indictment; (11) because it is not alleged that said warrant had been given to said Prescott to be by him executed, or that it was in his hands at the time of said supposed assault, or that said Prescott had any orders, directions, or authority to execute said warrant."

The indictment is based on section 5398 of the Revised Statutes, as follows:

"Every person who knowingly and willfully obstructs, resists, or opposes any officer of the United States in serving, or attempting to serve or execute,

any mesne process or warrant, or any rule or order of any court of the United States, or any other legal or judicial writ or process, or assaults, beats, or wounds any officer or other person duly authorized in serving or executing any writ, rule, order, process, or warrant, shall be imprisoned not more than twelve months, and fined not more than three hundred dollars."

The rule that, with reference to statutory offenses, it is usually sufficient to follow the language of the statute, which rule has been so frequently expounded by the supreme court, clearly disposes of the eleventh ground of the motion.   The grounds of the motion which we have numbered 2 to 10, each inclusive, all group around the words "warrant duly issued," found in the indictment.   If these words are sufficient, they dispose of all this class of exceptions.   The words "duly issued" import that the warrant was sealed, and that in all matters of form it answered the law.   The plaintiff in error claims that special facts should appear on the face of the warrant, because he assumes that the district court is one of limited jurisdiction.   It is fundamental that its jurisdiction is not limited in the sense referred to by him, and that all its acts, including its warrants, are presumed to be rightly ordered and done   In not setting out the warrant or its purport, the indictment follows precedents of acknowledged authority.   We refer especially to form 882 in Wharton's Precedents of Indictments and Pleas (reported in Com. v. Tracy, 5 Metc. [Mass.] 536), and form 892.   It is to be borne in mind that this indictment is not for resisting an officer under the first part of section 5398, but for assaulting him under the latter part.   Therefore it is clear that the allegations touching the warrant do not come in as the essence of the offense.   U. S. v. French, 57 Fed. 382, related to the necessity of setting out by its tenor the report of a national bank to the comptroller in an indictment under section 5209 of the Revised Statutes.   It was held that it was not necessary to do so, especially in view of the procedure by which in the United States, and particularly in the federal courts, every question can be raised by exceptions in criminal cases, though formerly in England they could be raised as a matter of right from the face of the record only.   Authorities were there cited showing that, at least in the United States, the instances where the rules of pleading require that the tenor shall be set out are exceptional.   The conclusion in that case seems to be confirmed by Cochran v. U. S., 157 U. S. 286, 288, 15 Sup. Ct. 628.   The cases cited by the plaintiff in error do not assist him.   Indeed, U. S. v. Stowell, 2 Curt. 153, 155, Fed. Cas No. 16,409, emphasizes the presumption which we make in favor of warrants issued by the district courts of the United States.   The notes to Pomeroy's edition of Archbold's Criminal Practice and Pleading, 941, support our conclusion.   On the whole we see no reason in principle, or arising from the necessity of properly guarding the rights of an accused person, or in the settled rules of criminal pleading, which requires the United States, in indictments of this character, to incur the hazards of variances involved in setting out a warrant by its tenor or substance.

This leaves only the question of scienter, raised by the objection which we have numbered 1.   It would seem to follow from the reasoning of the court in Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct.

542, which, however, related directly only to section 5399, that the offense of obstruction denounced by the first part of section 5398 was not complete unless the scienter extended to the character of the officer and of the process.    A like rule was stated in U. S. v. Kirby, 7 Wall. 482, touching the statute relating to obstructing the mail.    Whether it applies to the latter part of section 5398, and to indictments for assaults, in themselves unlawful, on federal officers engaged in performing their duties as such, we need not determine. It may be that congress has authority to protect its officers, while officially engaged, from all assaults unlawful at common law, and by the closing part of this paragraph intended so to do.    On all this we pass no opinion, but we assume that the scienter must be proved as to all the elements involved.    If so, it must be alleged as to all such elements and each of them.    Neither section 1025 of the Revised Statutes, nor the rule that for statute offenses of this class it is ordinarily sufficient to follow the language of the enactment, relieves the United States from alleging in some form every matter of substance;  and this matter is of that character.    This was stated in U. S. v. Simmons, 96 U. S. 360, 362, the case so frequently relied on for the ordinary rule.    It was pointedly and directly applied in U. S. v. Carll, 105 U. S. 611, and has been since then many times recognized by the supreme court, even as late as Dunbar v. U. S., 156 U. S. 185, 192, 193, 15 Sup. Ct. 325.    After these rulings and expressions of that court, the earlier rulings of the inferior federal tribunals can hardly be resorted to with profit.    It is truly said in Com. v. Boynton, 12 Cush. 499, 500, "that wherever the intention of a party is necessary to constitute an offense, such intent must be alleged in every material part of the description where it so constitutes it." Therefore the only question is whether it is so alleged in this case; and this may be determined by applying the recognized rules of criminal pleadings, as well as by following the ordinary rules of construction.    Looking particularly at the former, we think the practical interpretation given by long usage to indictments for this class of offenses is that the words "knowingly and willfully" apply to all which follows them, although the grammatical connection is not strictly made.    Most of the forms in Wharton's Precedents of Indictments and Pleas, including those which we have already cited, are thus framed, without any specific allegation of any knowledge of the character of the officer or his duty.    This precise point seems to have been taken in substance, and overruled, in Com. v. Kirby, 2 Cush. 576, 582.    We have examined the indictment in U. S. v. Keen, 5 Mason, 453, Fed. Cas. No. 15,511, for resisting a customs inspector by assault, and find it was drawn in like manner, although it seems to have been thought necessary to establish at the trial that the accused had knowledge of the character of the officer.    That indictment was drawn by Andrew Dunlap.    We regard all this as sufficient evidence of the settled and accepted practice in pleading matters of the kind in question here.    The mere fact that this is a proceeding under a federal statute seems immaterial.    Federal statutes cognate to state statutes, or to the common law, by analogy take with them the state or common-law pleadings.    Safety in practice and proceed-

ings requires the assistance of recognized rules, and the federal courts cannot find such rules except as they adopt them from the common law or from the state tribunals. Moreover, the ruling in Com. v. Kirby implies that it was necessary to aver and prove that the accused had knowledge of the character of the officer; and nothing more can be required in this case by the words "knowingly and willfully," found in the statute. The word "knowingly" has no place in indictments for ordinary assaults; and that word, as found in this indictment, therefore, by reasonable implication, has reference to other matters than the assault itself, and those are the official character of the deputy marshal and the duty in which he was engaged. In St. Clair v. U. S., 154 U. S. 134, 146, 14 Sup. Ct. 1002, the supreme court, in a capital case, did not require critical accuracy in repeating words alleging knowledge, but left something to inference. And here, in view of a long-continued and recognized form of pleading, which leaves behind no substantial doubt as to what was intended to be alleged, we must hold the indictment sufficient.

The judgment of the district court is affirmed.