### REMBRANDT v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.  May 12, 1922.)

No. 3618.

1. **Bribery ⬅I (2)—Of prohibition agent held offense, under Criminal Code, § 39; "person acting for United States."**

A prohibition agent for a designated district, appointed by the Commissioner of Internal Revenue under National Prohibition Act, tit. 2, § 38, *held* a person acting for the United States in an official function by authority of "a department or office of the government" within Criminal Code, § 39 (Comp. St. § 10203), making it an offense to offer or give a bribe to any such person to influence his decision or action in any matter pending before him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

2. **Bribery ⬅I (2)—Of prohibition agent held offense under Criminal Code, § 39.**

Such agent, who had seized and had control of liquors, *held* to have such relation to them that a bribe given him to influence his "decision or action" with respect thereto was within the statute, though he was without power to finally decide as to the legality of the seizure.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Criminal prosecution by the United States against Samuel Rembrandt.  Judgment of conviction, and defendant brings error.  Affirmed.

Walter D. Meals, of Cleveland, Ohio (Reed, Meals, Orgill & Mashke, of Cleveland, Ohio, on the brief), for plaintiff in error.

D. J. Needham, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DENISON, Circuit Judge. [1] Section 39 of the Criminal Code (Comp. St. § 10203) reads as follows, omitting those portions not now important:

"Whoever shall promise, offer or give * * * any money * * * to any officer of the United States, or to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the government thereof * * * with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity * * * or to induce him to do or omit to do any act in violation of his lawful duty shall be fined * * * and imprisoned. * * *"

The National Prohibition Act (41 Stat. 319), in section 38 of title 2, provides that—

"The Commissioner of Internal Revenue and the Attorney General of the United States are hereby respectively authorized to appoint and employ such assistants, experts, clerks, and other employés * * * as they may deem necessary for the enforcement of the provisions of this act, but such assistants, experts, clerks, and other employés, except such executive officers as may be appointed by the Commissioner or the Attorney General to have immediate direction of the enforcement of the provisions of this act * * * and agents and inspectors in the field service, shall be appointed under the rules and regulations prescribed by the Civil Service Act."

Transportation of intoxicating liquors is forbidden unless under authority of certain prescribed permits, and section 26 directs that when the Commissioner, his assistant or inspector, shall discover liquor being transported unlawfully, he shall seize the liquor.

The record in this case indicates that the Commissioner of Internal Revenue had appointed John F. Kramer as Federal Prohibition Director, Thomas E. Stone as Supervisor of Federal Prohibition, Maryland-Ohio Division, and Fred Counts as Prohibition Agent in charge of the Cleveland territory. In May, 1920, a quantity of liquor was being transported from Kentucky, through Cleveland, to New York, upon what purported to be permits issued by the New York Prohibition Director. This was brought to the attention of Mr. Counts. The permits were submitted to him. He thought they were irregular, and he seized the liquor and seems to have turned it over, apparently for safe keeping, to the United States marshal. He then reported the seizure and submitted the permits to the Division Supervisor, and, perhaps, through him to the Prohibition Commissioner, in order that full investigation might be had and decision made as to the regularity and validity of the New York permits. While the matter was in this shape, the respondent in this case, Rembrandt, offered and paid to Mr. Counts a large sum of money to approve these permits and "get the thing cleared up." Rembrandt was at once arrested by Counts, and then was indicted for violation of section 39, Criminal Code. He was convicted, and now seeks review.

The substantial point made is that the matter of the validity of the permits was not pending before Counts, so that the bribery penalized by section 39 could exist. This point was raised by demurrer to the indictment, and by the claim that the whole evidence did not justify conviction. There seems to be an entire lack of any satisfactory definition, by statute or by regulation, of the duties of the various prohibition en-

forcement officers; but we think it clear enough that Kramer and Stone and Counts all were assistants to the Commissioner, within the meaning of sections 26 and 38, tit. 2, National Prohibition Act, and that, in the matter of the seizure and holding of this liquor pending final investigation and determination, Counts was a "person acting for or on behalf of the United States in any official function or by authority of any department," within the meaning of section 39 of the Criminal Code. Haas v. Henkel, 216 U. S. 462, 480, 30 Sup. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; U. S. v. Haas (C. C.) 163 Fed. 908.

[2] When we come to the question whether the matter of the validity of the permits was pending before Counts, so that he had a decision to make or action to take which could be influenced, we think entirely too much stress has been put upon the final determination of their legal validity. Such decision was important, but it was not immediately the only important thing. Counts had seized this liquor and taken it into possession. He must be considered as holding it, as the marshal here seems to have been a mere custodian for the prohibition officers.[1] The man who had seized the liquor and was holding it could let it go, and to get it back into the possession of Rembrandt's clients, and get it on its travels again, was the specific concrete thing which defendant wished to accomplish. The statute refers, not merely to influencing a decision on any question, but to influencing action on any matter. The indictment alleges an intent to influence Counts in determining the legality of the permits, but this (we infer) only as a means to an end, which end is also stated, viz. to sanction and approve the transportation of the liquor. The evidence shows that Rembrandt wanted, not only to get Counts' approval of the permits, but also to "get the thing cleared up."

The question is not at all controlling whether Counts had authority to bind the department by a conclusion that the permits were valid. It was practically within his power, no matter if against the law, or against the regulations, to say to the custodian:

"I have made up my mind that these permits are good enough, and you will therefore release the liquor and let the claimant take it away."

Counts' subordinates or agents might have refused to obey such an order, but that is only surmise. Counts had ample power to be a substantial aid to the claimant in getting possession of the liquor, and to give such aid by announcing his conclusion that the permits were good. This was decision and action sufficient, and this matter was sufficiently pending before him in his official capacity, to satisfy both the indictment and the statute. Even if the actual custody was in the marshal, by attachment under the libel, Counts' conclusion and advice would have been influential in leading to a discontinuance of the libel and release of the whisky.

We have examined the other points argued, but they are either collateral to the main question or do not require specific consideration.

The judgment is affirmed.

---

[1] We observe that Counts says that the district attorney had filed a libel against this liquor, but no one says it had been seized thereunder.