## COHEN v. UNITED STATES.*

(Circuit Court of Appeals, Sixth Circuit. December 4, 1923.)

No. 3737.

1. **Bribery ⊕1(2)—Prohibition agents are persons acting in official function.**
   Prohibition enforcement agents are persons acting for the United States in an official function, and their proposed conduct, even in matters which they cannot finally determine, constitutes action on matters before them in their official capacity, or which may be in violation of their lawful duty, as specified in Criminal Code, § 39 (Comp. St. § 10203), relating to bribery.

2. **Bribery ⊕6(1)—Indictment held sufficient.**
   An indictment charging the giving of money with intent to influence prohibition agent in his decision and action regarding certain matters and proceedings then under investigation, was sufficient, though the word "pending" was not used, under Criminal Code, § 39 (Comp. St. § 10203), relating to bribery.

3. **Bribery ⊕6(1)—Indictment should show person bribed was acting as officer, and belief by accused that he was such.**
   An indictment under Criminal Code, § 39 (Comp. St. § 10203), relating to bribery, should sufficiently show both the fact that the person bribed was acting as an officer, or in an official function, and the fact that the one giving the bribe believed that he was dealing with an officer, or one having an official function; otherwise, the necessary intent would not sufficiently appear, though it is not necessary that the officer should have the full authority that the other supposes him to have.

4. **Indictment and information ⊕75(1)—No longer tested by nicety of expression.**
   The sufficiency of an indictment, especially after conviction, is no longer tested by nicety of expression once required, and if by fair and reasonable construction it alleges every essential element to make out the crime, it is sufficient.

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 44 Sup. Ct. 333, 68 L. Ed. ——.

**5. Bribery ☞6(1)—Indictment held to sufficiently allege knowledge of official character.**

An indictment for bribing a prohibition agent with an intent to cause him to violate his official duty *held* to sufficiently allege all the scienter which was necessary to be stated.

**6. Bribery ☞1(1)—One offering bribe need not know official capacity exists.**

One offering a bribe because he supposed the one to whom he offers it had the necessary official function committed the crime denounced by Criminal Code, § 39 (Comp. St. § 10203), if his supposition was right, and it is not necessary that he had absolute knowledge of the official function.

**7. Criminal law ☞844(1)—Exception to charge held unavailing.**

An exception, "we desire to save an exception to that part of your honor's charge on the entrapment," was unavailing, unless the entire charge on that subject was bad.

**8. Criminal law ☞901—Motion to strike at close of government's evidence waived by proceeding to put in evidence.**

A motion to instruct verdict for defendant, at close of government's evidence, is waived if defendant proceeds to put in evidence on his own behalf, and does not renew the motion at the close of all of the evidence.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

Louis Cohen was convicted of offering and giving a bribe, and brings error. Affirmed.

Albert H. Morrill and Hugh L. Nichols, both of Cincinnati, Ohio (Michael G. Heintz, of Cincinnati, Ohio, Edward F. Colladay, of Washington, D. C., and Heintz & Heintz and Nichols, Morrill, Stewart & Ginter, all of Cincinnati, Ohio, on the brief), for plaintiff in error.

James R. Clark, Sp. Asst. Atty. Gen. (Benson W. Hough, U. S. Atty. of Columbus, Ohio, on the brief), for the United States.

Before DENISON and DONAHUE, Circuit Judges, and SATER, District Judge.

DENISON, Circuit Judge. Cohen was convicted of violating section 39 of the Criminal Code (Comp. St. § 10203) by offering and giving a bribe to one Flora, a prohibition agent, to induce him not to prosecute Cohen for having violated the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The reversal is sought for three reasons: (1) The indictment did not allege that the bribe was given with regard to a matter pending before the prohibition agent; (2) the indictment did not allege that Cohen knew that Flora was a prohibition agent; (3) the case was one of entrapment.

The pertinent portions of section 39 are quoted in the margin.[1] The indictment charges the giving of the money to the prohibition agent—

[1] Section 39: "Whoever shall * * * offer or give * * * any money * * * to any officer of the United States, or to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the government thereof, * * * with intent to influence his decision or action on any question, matter, cause or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity * * * or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his lawful duty, shall be fined," etc.

"with the intent to influence said prohibition enforcement agent in his decision and action regarding certain matters and proceedings which said prohibition enforcement then had under investigation * * * to wit, that said prohibition agent would refrain from prosecuting said Louis Cohen for unlawful sale and transportation of intoxicating liquor for beverage purposes in violation of title II of the National Prohibition Act."

[1] We have held that the prohibition enforcement agents are persons acting for the United States in an official function, and 'that their proposed conduct, even in matters which they cannot finally determine, constitutes action upon matters before them in their official capacity, or which may be in violation of their lawful duty, as specified in this section. Rembrandt v. U. S. (C. C. A.) 281 Fed. 122, 124.

[2] The use of the words "under investigation," instead of the word "pending," is not a substantial variance. An investigation which is being conducted by the agent is a matter pending before him.

[3-6] Doubtless an indictment under this section should sufficiently show both the fact that the person bribed was acting as an officer or in an official function and the fact that the one giving the bribe believed that he was dealing with an officer or one having an official function; otherwise, the necessary intent would not sufficiently appear, though it is not necessary that the officer should have the full authority which the other supposes him to have. Browne v. U. S. (C. C. A. 6) 290 Fed. 870, 872. Doubtless also it would have been better for the draftsman of this indictment to allege in direct words the existence of this knowledge or belief by the respondent; but the sufficiency of the indictment, especially after conviction, is no longer tested by the nicety of expression once required. If by fair and reasonable construction, it alleges every essential element to make out the crime, it is sufficient. This indictment alleges that Cohen did unlawfully, knowingly, and willingly "offer and give five thousand dollars in money of the United States to Robert E. Flora, a person then and there acting for and on behalf of the United States in the official function and capacity of prohibition enforcement agent 'in charge," etc.

We pass by the question whether the force of the word "knowingly" is sufficiently carried over into the latter part of this allegation to meet the necessity for alleging scienter (see Blake v. U. S., 71 Fed. 286, 290, 18 C. C. A. 117); for we think the necessary knowledge 'or belief is sufficiently to be implied from other parts of the indictment. After thus reciting that Flora was a prohibition enforcement agent and that Cohen offered and gave him this money, the indictment proceeds to charge, not that this was done to influence the action of the man, Flora, but with an intent to cause the "said prohibition agent" to violate his official duty in three other particulars. These statements, in substance and in necessary effect, mean that Cohen understood and supposed that Flora was a prohibition agent with the necessary authority to do the things which he was to be bribed not to do. There can be no other reasonable construction, and they sufficiently allege all the scienter which was necessary to be stated. Clearly no allegation can be required that the respondent knows that the official capacity or function existed. Often, if not usually, he cannot have absolute knowledge. He offers the bribe because he supposes the one to whom he offers it

has the necessary official function; and, if his supposition is right, he commits the offense denounced by the statute.

[7] The question of entrapment is the one which has been chiefly argued. The applicable rule has been fully stated by this court in Browne v. U. S., supra, 290 Fed. at pages 873 and 874, and by our earlier decisions there cited. See, also, Zucker v. U. S. (C. C. A. 3) 288 Fed. 12, 14, 17. This rule was given to the jury by the court, in a charge which is now not criticized, save for the complaint that it did not go far enough nor cover or include some instructions which would have been specifically appropriate to this case; but there were no requests to charge on this subject, nor was there any exception to the charge thereon save the general one: "We desire to save an exception to that part of your honor's charge on the entrapment." Clearly this exception was unavailing, unless the entire charge on that subject was bad; and this is not claimed. Penn. Co. v. Whitney (C. C .A. 6) 169 Fed. 572, 577, 95 C. C. A. 70. Hence the subject of entrapment could not be reviewed in this court, except on the theory that the forbidden conduct by the officials appeared so clearly as to raise the inference, as a matter of law, that the respondent could not be convicted and to justify an instructed verdict on the ground that there was no sufficient evidence of guilt.

[8] While the record shows a motion to instruct made at the close of the government's evidence, it does not show such a motion at any later time, and it is a familiar rule that such a motion is waived if the defendant proceeds to put in evidence on his own behalf, as he did here, and if the motion is not renewed at the close of all the evidence. Upon a record so framed, the appellate court will not consider the objection that the verdict is not supported by substantial evidence, unless the injustice done by the verdict seems clear and gross; but there was not in this case that miscarriage which would be required in order to persuade us to this unusual course. By the testimony which the jury doubtless believed, Cohen's business was based upon his continuing bribery of the New York prohibition agents, and that punishment fell upon him in another locality and for a similar offense of the same character does not make an appealing case of injustice.

The judgment is affirmed.