**HURLEY et al. v. UNITED STATES.**

No. 6305.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 1, 1951.

Decided Nov. 5, 1951.

Thomas J. Kenney, Baltimore, Md. (James S. Morrow, Jr., Baltimore, Md., on brief), for appellant John Comi.

Maurice T. Siegel, Baltimore, Md., on brief for appellant Eugene Hurley.

Bernard J. Flynn, U. S. Atty., Baltimore, Md., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This appeal is from a criminal conviction in the United States District Court for the District of Maryland. Appellants, Hurley and Comi, along with one Nelson, were indicted and convicted of (1) bribery under 18 U.S.C.A. § 201, and (2) conspiracy under 50 U.S.C.A.Appendix, § 462. This appeal is from the bribery conviction under § 201.

Nelson, at the time of the incidents out of which this prosecution arose, was a sergeant in the United States Army, attached to the Maryland Military District Motor Pool. He had formerly been stationed at the Baltimore Induction Station, where he was acquainted with a Sergeant Nichols, a member of the United States Air Force.

On February 23, 1951, Nelson approached Nichols, who was still attached to the induction center. On the following day they met, and Nelson asked Nichols if there was anything he could do to keep a man out of the armed forces. Nelson told Nichols that the man he had in mind was one Hurley and that he, Nichols, could

expect compensation for whatever he could do. Nichols then told Nelson to have Hurley come to see him at the induction station. Hurley had already passed the armed forces physical examination and had been ordered to report for induction on March 5, 1951.

On February 26, 1951, Hurley visited Nichols at the induction center. Nichols informed Hurley that he could do nothing for him at that time as the risks were too great. After this conversation, Nichols reported the incident to his commanding officer.

On March 3, 1951, at the instigation of the F. B. I., Nichols went to Nelson's home and arranged a meeting between Hurley and himself for the following evening, in a Baltimore restaurant. At the appointed hour, Hurley, accompanied by Comi, arrived at the meeting place. Comi, it appears, was the father of Hurley's sweetheart. Nelson was also present. Comi and Hurley agreed that $450.00 was a fair price for Nichols' services. Once the price had been set, Hurley borrowed Comi's car, went and procured the money, gave it to Comi, who in turn counted out $450.00 and passed it over to Nichols. Shortly afterwards, Comi, Hurley and Nelson were arrested, and this prosecution followed.

At the trial it was shown that Sergeant Nichols was in charge of the men being processed at the induction center. He testified, however, that he had nothing to do with the actual physical examination nor could be make any recommendation as to whether a prospective inductee should be accepted or rejected for military service. He did state although he could not legally prevent a man's induction, illegally he could.

At the conclusion of the trial, the jury returned a verdict of guilty on both counts, and all three parties, Nelson, Comi, and Hurley, were sentenced for three years and fined $1,000.00 on each of the two counts. Comi and Hurley have appealed to us.

Appellants' main contention is that both the indictment and the evidence fail to show an offense under 18 U.S.C.A. § 201, in that it was never alleged nor proven that Sergeant Nichols acting in an official function could prevent the induction of Hurley into the armed forces. With this contention we cannot agree.

The pertinent language of § 201 reads as follows: "Whoever promises, offers, or gives any money or [other] thing of value * * * to any officer or employee or person acting for or on behalf of the United States, or any department or agency thereof, in any official function * * .* with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may * * * be brought before him to his official capacity, or in his place of trust or profit, or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his unlawful duty, shall be fined * * *."

As we read § 201, there are three categories of persons whose conduct it forbids to be influenced: (1) officers of the United States: (2) employees of the United States; and (3) persons acting for the United States in any official function. The phrases "officer or employee" and "person acting for or on behalf of the United States * * * in any official function" must be read in the disjunctive. See Nordgren v. United States, 9 Cir., 181 F.2d 718, 720. The phrase "in any official function," therefore, modifies only the word "person" and not "officer or employee."

It is well established that for an offense to be made out under § 201, a *person* acting for the United States must be doing so in his official capacity. Krichman v. United States, 256 U.S. 363, 41 S. Ct. 514, 65 L.Ed. 992; United States v. Birdsall, 233 U.S. 223, 34 S.Ct. 512, 58 L.Ed. 930. In the Krichman case, supra, 256 U.S. at page 366, 41 S.Ct. at page 515, the Court, however, had this to say: "Not every person performing any service for the government, however humble, is embraced within the terms of the statute. *It includes those, not officers, who are per-*

forming duties of an official *character*." (Italics ours.) [1]

When the bribee is an officer of the United States, there is no necessity to show that he was acting in an official capacity, in order to make out a case under 18 U.S.C.A. § 201. We hold, therefore, that since Sergeant Nichols was an officer of the United States, it was not necessary to allege or prove that he was acting in an official function. To hold otherwise would be to make the words "officer or employee" completely nugatory. It is sufficient if it be shown that the bribee was an officer of the United States and that the bribe was given "with intent to influence him to commit or aid in committing * * * any fraud, on the United States" or with intent "to induce him to do or omit to do any act in violation of his lawful duty." It is clear that the bribe here was paid Nichols with intent to influence him to commit a fraud on the United States and to do and to omit to do acts in violation of his lawful duty.

If Congress had intended that an officer or employee must be acting in an official function to violate § 201, why were the words "officer or employee" inserted in the statute? The term "person acting for the United States in an official function" is broad enough to include officers and employees. We do not believe that Congress so intended, but rather a distinction was drawn between officers or employees on the one hand, and persons acting for the United States in an official function on the other. Statutes must be so interpreted as to give meaning to every portion thereof.

The cases support the proposition that for a conviction under § 201, it is immaterial that the bribee does not have the power of decision to accomplish the result which the offerer of the bribe desires. Cohen v. United States, 6 Cir., 294 F. 488; Rembrandt v. United States, 6 Cir., 281 F. 122. In view of these decisions, it would indeed be anomalous to say that a case is not made out where the bribee has the power to accomplish the illegal result but not the authority. The gist of the offense here is the giving of money to an officer of the United States to impede the success of a lawful function of government.

We are not unmindful of Blunden v. United States, 6 Cir., 169 F.2d 991, but insofar as that decision is in conflict with our decision here, we think it incorrect. The case of United States v. Gibson, 7 Cir., 47 F. 833, is easily distinguishable, for there the bribe was given to induce an officer of the United States to commit arson and clearly outside the area of conduct contemplated by § 201.

The only other contention of appellants which we consider worthy of comment is the contention that even if Sergeant Nichols is a person whose conduct the statute forbids to be influenced, the evidence does not show that his influence was sought in a matter before him in his official capacity. With this contention we cannot agree.

Under the statute, the offerer is forbidden to give money or other things of value with intent to influence the bribee's decision on a matter before him in his official capacity, or to induce him to commit a fraud on the United States or to breach his lawful duty. An offense is shown if the evidence supports a finding that the money was given to influence the bribee to commit a fraud against the United States, or to breach his lawful duty, regardless of whether the money is given to influence a decision before the bribee in his official capacity.

Sergeant Nichols testified quite forcibly that he was asked to attempt to keep Hurley out of the armed forces. $450.00 was given him to bind the bargain. From this and all the surrounding circum-

---

1. It is well to note that at the time of the Krichman decision, the word "employee" was not in § 201, 18 U.S.C.A., but was later inserted. The obvious purpose of that amendment was to broaden the category of persons included under that statute. The latest amendment to § 201 was made in 1948, and extends coverage to those persons acting on behalf of any independent agency or government owned or controlled corporation.

stances, the jury quite properly concluded that appellants attempted not only to induce Sergeant Nichols to commit a fraud on the United States but also to breach his lawful duty as a soldier.

The judgment of the District Court is affirmed.

Affirmed.