**Edgar Earl PARKS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21576.**

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1965.

Rehearing Denied Jan. 20, 1966.

Hubert W. Green, Jr., San Antonio, Tex., Morris A. Shenker, Murry L. Randall, St. Louis, Mo., Sheldon Green, Phoenix, Ariz., for appellant.

Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE, Chief Judge, COLEMAN, Circuit Judge, and HUNTER, District Judge.

PER CURIAM:

This appeal brings into question the proper interpretation of 18 U.S.C.A. § 201, the federal bribery statute.

In substance, and in relevant part, this statute makes it an offense to give money or thing of value to any Government official (1) "with intent to influence his decision or action on any question, matter, cause, or proceeding which may be pending or * * * brought before him in his official capacity"; (2) "or with intent to influence him to commit * * * any fraud * * * on the United States * * * or to induce him to do or omit to do any act in violation of his lawful duty * * * "

The facts are not in dispute in light of the jury verdict. This appellant, on behalf of his insurance company, arranged with an Air Force sergeant to pay fifteen (15) and later twenty-five (25) cents per name for the names of all new recruits, contrary to Air Force Regulations. The information thus obtained was the basis of immediate solicitation of a family to purchase insurance on the life of the airman. Some $27,000 was paid to Sergeant Shand and his helpers over a period of ten months under this arrangement.

Whether or not these payments were given with the intent to influence the employee's "action" on a "matter pending" before him, it cannot be seriously doubted that the payments were made to "induce him to do an act in violation of his lawful duty" of complying with Air Force Regulations dealing with the operation of the Lackland Air Force Base. This Court has approved the cases from those circuits which have given a broad construction to this statute. In Pipkin v. United States, 5 Cir., 243 F.2d 491, we noted with approval the cases of Hurley v. United States, 4 Cir., 192 F.2d 297, and Wilson v. United States, 4 Cir., 230 F.2d 521. Such construction certainly comprehends such conduct as the jury here found appellant had carried on.

The judgment is affirmed.

On Petition for Rehearing

It being made to appear by the petition for rehearing that the indictment did not actually charge the giving of money to the government official "with intent * * * to induce him to do or omit to do any act in violation of his lawful duty * * * ", we must consider whether the proof warranted a finding by the jury that the payments made to Sergeant Shand were "with intent to influence his decision or action on any question, matter, cause, or proceeding which may * * * be pending, or * * * brought before him in his official capacity * * * or with intent to influence him to commit * * * any fraud * * * on the United States. * * * "

We conclude, in light of the broad construction to be given this statute, see Hurley v. United States, 4 Cir., 192 F.2d 297, and Wilson v. United States, 4 Cir., 230 F.2d 521, and in light

of our decision in Pipkin v. United States, 5 Cir., 243 F.2d 491, approving the principles of those cases, that the language of the statute, "with intent to influence his * * * action on any * * * matter * * * pending * * * before him," comprehends an intent to influence Sergeant Shand to sell the names of the recruits which were in his custody and control. Moreover, we think the conduct here also falls within the language "with intent to influence him to commit * * * any fraud, * * * on the United States * * *"

The jury could find that, as charged in the indictment, "said fraud [was] to deprive the United States of its right to have the faithful and honest services, decisions and actions of * * * Sergeant Shand free from corruption and improper influence by a business and person in selling life insurance."

The petition for rehearing is denied.