835 F.2d 875
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John MIGUEL, Defendant-Appellant.
 No. 87-5011.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 18, 1987.
Decided Dec. 9, 1987.
 
 Joseph S. Oteri; James W. Lawson; Oteri, Weinberg & Lawson, on brief, for appellant.
 Henry E. Hudson, United States Attorney; Kenneth E. Melson, Assistant United States Attorney; Jack I. Hanly, Assistant United States Attorney, on brief, for appellee.
 Before HARRISON L. WINTER, Chief Judge, and DONALD RUSSELL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant was convicted of bribing a federal official in violation of 18 U.S.C. Sec. 201(b)(3) to have himself removed from his probationary status under Louisiana law. Defendant appeals contending that bribing a federal official to violate state law does not fall within the statute. We reject the contention and affirm.
 
 
 2
 The evidence showed that the bribe was paid to David Maasen who was a Special Agent for the Bureau of Alcohol, Tobacco and Firearms of the Department of the Treasury. Maasen was thus a "public official" as defined by Sec. 201(a). It is true that Maasen had no official function with respect to the administration of the Louisiana probation system, but in Hurley v. United States, 192 F.2d 297 (4 Cir.1951), we held that the requirement in Sec. 201 that the bribe be shown to have been made to someone "in any official function" applied only to persons generally and not to officers or employees of the United States. Hurley was recently followed in United States v. Gjieli, 717 F.2d 968 (6 Cir.1983), cert. denied, 465 U.S. 1101 (1984), which held that payment of a bribe to another ATF Special Agent was a violation of Sec. 201 even though the conduct sought to be influenced was not within the official function of the agent. We therefore conclude that, in the instant case, proof of the mere payment of a bribe to Maasen with intent to influence his conduct constitutes a violation of Sec. 201 without proof that Maasen could have any effect on releasing defendant from his Louisiana probation or that Maasen had any "official function" with respect thereto.
 
 
 3
 Because Hurley is the law of this circuit and we see no need to reexamine it, and because it is determinative of this appeal, we declined to hear oral argument.
 
 
 4
 AFFIRMED.