UNITED STATES

v.

Ronald G. ANDERSON, 438 19 4532, Private First Class (E–2), U.S. Marine Corps.

NMCM 90 3110.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 19 March 1990.

Decided 26 April 1991.

LT Ruth M. Medeiros, JAGC, USNR, Appellate Defense Counsel.

LT Ralph G. Stiehm, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and FREYER and HOLDER, JJ.

MITCHELL, Senior Judge:

Appellant was convicted of 16 specifications of various forms of bribery in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. In the normal course of review, he asserts error because the government failed to prove that he had an official duty or capacity that could form the legal basis of bribery. Specifically the government alleges that appellant had a duty to compile a fire watch roster for the weekend of 19 January 1990 and either accepted or asked for monetary payments to effect duty assignments. Appellant specifically contends that he did not have such a duty, so the proof failed. We disagree and affirm.

The appellant's troop leader testified that accused was assigned responsibility to prepare the fire watch roster for the weekend of 19 January 1990. This testimony was sufficient to establish that the accused had an official duty to prepare the

fire watch roster. The state of the proof is unaffected by defense opinion evidence showing that a troop leader who allows one of the platoon guides to prepare the watch roster is not exercising good judgment. Once the appellant was given the task of preparing the roster, he clearly had an official duty to do so.

 Assuming appellant did not have the specific duty to make the fire watch assignment, offense of bribery is still committed where one acts in his official capacity, e.g., platoon guide, but lacks the specific authority to do the act which is the subject matter of the bribery, e.g., making the specific watch assignment. Therefore, the existence of apparent authority to do the object of the bribery is an adequate foundation for the offense. *Rembrandt v. United States*, 281 F. 122 (6th Cir.1922), *cert. denied*, 260 U.S. 731, 43 S.Ct. 93, 67 L.Ed. 486 (1922), *Browne v. United States*, 290 F. 870 (6th Cir.1923). A bribery conviction may be upheld when the state of evidence shows that the object of bribery falls within the general duties of the appellant. *United States v. Birdsall*, 233 U.S. 223, 34 S.Ct. 512, 58 L.Ed. 930 (1914). At a minimum, the evidence proved that the appellant was the platoon guide; that he provided at least some input into the decision of who stood the fire watches; that appellant's duties were commonly known in the unit; and that the appellant was acting in that capacity at the time of the offenses. Consequently, under either theory, the evidence is sufficient to sustain the convictions. We are also convinced beyond a reasonable doubt that the appellant is guilty of these offenses.

The findings and sentence as approved on review below are affirmed.

Judges FREYER and HOLDER concur.