## POWE v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 9, 1926.)

No. 4653.

**I. Criminal law ⟷29.**

The government cannot make several conspiracies out of one.

**2. Criminal law ⟷202(1)—Prosecution for conspiracy to commit one or less number of offenses charged in former indictment for conspiracy is not authorized.**

That former indictment charged conspiracy to commit several offenses does not authorize later prosecution under indictment for conspiracy to commit one or less number of same offenses.

**3. Criminal law ⟷202(1)—Conspiracy charged held no different from that charged in former indictment, because of different ownership of liquor purchased by defendant for sale (National Prohibition Act, tit. 2 [Comp. St. Ann. Supp. 1923, § 10138½ et seq.]).**

That one indicted for conspiracy to sell and deliver intoxicating liquor, in violation of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), first bought liquor owned by individual from whom he bought throughout period of conspiracy, and later bought liquor owned jointly by such person and other conspirators, did not render conspiracy charged different from that charged in former indictment, where ownership of liquor was not alleged in either indictment.

**4. Criminal law ⟷202(1)—Defendant held to have been put in jeopardy under former indictment, though it referred to liquor sales in certain city, while present indictment referred to sales anywhere in district in which such city was located (National Prohibition Act, tit. 2 [Comp. St. Ann. Supp. 1923, § 10138½ et seq.]).**

One indicted for conspiracy to sell and deliver intoxicating liquor in violation of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), held to have been put in jeopardy under former indictment for same offense, though it referred to sales within certain city, while present indictment related to sales anywhere in district wherein such city was located.

In Error to the District Court of the United States for the Southern District of Alabama; William I. Grubb, Judge.

Samuel Powe, alias Sam Powe, was convicted of conspiracy to violate the National Prohibition Act, and he brings error. Reversed.

Samuel M. Johnston, of Mobile, Ala. (Phillip D. Beall and John M. Coe, both of Pensacola, Fla., and Smithes, Young, Leigh & Johnston, of Mobile, Ala., on the brief), for plaintiff in error.

Aubrey Boyles, U. S. Atty., and Joseph W. John, Asst. U. S. Atty., both of Mobile, Ala. (David R. Coley, Jr., Asst. U. S. Atty., of Mobile, Ala., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a writ of error to reverse a judgment of conviction on an indictment for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). It is assigned as error that the trial court erred in refusing to sustain a plea of autrefois acquit and direct a verdict of not guilty.

The first count of the indictment charges that the defendant, Samuel Powe, conspired with one Daniel L. Jemison to violate title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), and to transport intoxicating liquor from Mobile, Ala., to St. Louis, Mo. The second count charges a continuing conspiracy between defendant and Jemison in the Southern district

of Alabama, extending from January 1, 1923, to January 17, 1925, the date the indictment was filed, to sell, barter, deal in, furnish, possess, and deliver intoxicating liquor.

An indictment was found in 1924 against Powe and Jemison, and a large number of other defendants, charging them with a continuing conspiracy, in the city of Mobile, covering the period between January 1, 1922, and November, 1923, to sell, and aid and abet in selling, intoxicating liquor to the general public. That indictment alleged that the conspiracy contemplated more than one offense of the character described, the number of offenses not being fixed or determined in the minds of the defendants; that the liquors to be sold were to be obtained from different sources; that the conspirators were to carry out their general plans and purposes without interference, by obtaining immunity from arrest from federal, state, county, and city officials charged with the duty of enforcing laws against the illegal sale of liquor. Powe was tried on this indictment, and acquitted. He now relies on that acquittal as a bar to further prosecution.

The acts relied on to prove the conspiracy charged in each indictment are the same. Jemison, who was convicted under the first indictment, and who was not again prosecuted, was not a witness at his own trial, but testified for the prosecution in this case. His testimony was to the effect that there was one general continuing conspiracy between him and a number of other defendants, including Powe, but that there was no separate conspiracy to commit a single offense; that the period covered by the conspiracy extended back as far as the year 1921, and continued until November, 1923; that from time to time during the whole of that period he sold liquor in Mobile at wholesale to Powe, who resold it there at retail; and that he (Jemison) sold his own liquor until June 6, 1923, after which date he sold liquor which belonged to "the company"—that is, jointly to himself and other members of the conspiracy.

The District Judge charged the jury that the conspiracy alleged in the first indictment did not contemplate the purchase of liquor owned by Jemison, but did contemplate the purchase of liquor owned jointly by some members of the conspiracy, and, consequently, that the jury, if they believed Jemison, could convict Powe for his participation in the conspiracy up to June 6, 1923, but that he was protected by his former acquittal, and could not be convicted on account of purchases made subsequently to that date from members of the conspiracy who were joint owners of liquor.

[1] The first count of the indictment in this case charges a conspiracy to commit a single offense, which is included within the continuing conspiracy charged in the second count. According to the testimony there was one general continuing conspiracy to commit a number of offenses, and no separate conspiracy to commit a single offense. The government cannot split up one conspiracy and make several conspiracies out of it. In re Snow, 7 S. Ct. 556, 120 U. S. 274, 30 L. Ed. 658; Norton v. United States (C. C. A.) 295 F. 136; 16 C. J. 207. The conspiracy to transport charged in the first count is but a part of the conspiracy to sell and deliver charged in the second count. The result is that the second count covers everything which was to be done under the conspiracy, and there was no evidence to sustain a conviction under the first count. The conspiracy charged in the first indictment included everything charged in the second, and in addition a corrupt agreement to influence officers of the law and obtain immunity from arrest.

[2] The fact that the first indictment charged a conspiracy to commit several offenses is not sufficient to authorize a second prosecution under an indictment for conspiracy to commit one or a less number of the same offenses. 1 Bishop on Criminal Law, § 1051. There cannot be a second prosecution for the same offense, even though that offense was only one of several set out in the first indictment. The reason is that defendant has been put in jeopardy as to each and every offense charged in the first indictment. Whether or not there was any evidence to support the charges, or any of them, is wholly immaterial.

[3] The conspiracy charged in the second indictment is not made different by the circumstance that Powe for a while bought liquor that was owned by Jemison, and later bought liquor that was owned jointly by Jemison and other conspirators. He bought from Jemison throughout the whole period, and the ownership of the liquor was not alleged and thereby made a material averment in either indictment. It doubtless would be different if the first indictment had charged a conspiracy to purchase liquor from joint owners, and the second had charged a conspiracy to purchase only from Jemison. But the two indictments are alike in this particular.

[4] It is suggested that the first indictment had reference to sales to be made within the city of Mobile, whereas the second relates to

sales to be made anywhere within the Southern district of Alabama. Mobile is in the Southern district, and the evidence in both cases is that the sales were to be made in that city. It cannot reasonably be contended that a plea of former jeopardy can be avoided merely by enlarging the venue in a second indictment, where the proof shows that the crime was committed at a particular place described in a former indictment within the same jurisdiction. We are of opinion that Powe was put in jeopardy under the first indictment for the same offense of which he now stands convicted under the second indictment, and that his plea of former jeopardy should have been sustained. Tritico v. United States (C. C. A.) 4 F.(2d) 664, and Supreme Court cases there cited.

The judgment is reversed.