## UNITED STATES v. FURER et al.
### No. 15609.

District Court, S. D. California,
Central Division.

Oct. 10, 1942.

Leo V. Silverstein, U. S. Atty., Walter S. Binns, Sp. Atty., Department of Justice and James E. Harrington, Sp. Asst. to Atty. Gen., all of Los Angeles, Cal., for the government.

Charles H. Carr, of Los Angeles, Cal., for defendant Edward Furer.

Oliver O. Clark and Robert Smith, both of Los Angeles, Cal., for defendant K. O. Anderson.

L. R. Brigham, of Los Angeles, Cal., and George D. Blair, of North Hollywood, Cal., for defendant David Bushnell.

YANKWICH, District Judge (after stating the facts as above).

The demurrers of the defendants to the indictment are overruled.

■ The indictment charges conspiracy to defraud the United States and to commit an offense against the United States. The alleged object of the conspiracy is to secure a contract from Lockheed-Vega Corporations for the making of tools and parts of military airplanes by bribery or giving a commission or percentage of the gross revenues to diverse persons employed by the named corporations.

■ Through the arrangement, set forth in the indictment, for the construction of airplanes on a "fixed fee" or "cost-plus fee contract", the airplane corporations became the agents of the United States in letting the contracts (or subcontracts) for parts. The employes of the companies did not become officers of the United States, so as to make the provisions relating to giving and acceptance of a bribe applicable. See Section 91 and 207, Title 18 U.S.C.A. and see Ex parte O'Leary, 7 Cir., 1931, 53 F.2d 956.

So that, if we were to assume that the charge is conspiracy to commit the offenses denounced by Sections 91 and 207, Title 18 U.S.C.A., the indictment would have to be held faulty.

■ However, the act of bribery pleaded charges a conspiracy to defraud the United States. No pecuniary loss to the United States is averred. But this is not necessary. If the object of the conspiracy be to deprive the United States of its rights and privileges or the proper functioning of any agency through which it acts, the offense is complete. See Crawford v. United States, 1909, 212 U.S. 183, 191, 192, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann.Cas. 392; Haas v. Henkel, 1910, 216 U.S. 462, 479, 30 S.Ct. 249, 54 L.Ed. 569, 17 Ann.Cas. 1112; Hammerschmidt v. United States, 1924, 265 U.S. 182, 188, 44 S. Ct. 511, 68 L.Ed. 968; Pan American Petroleum Company v. United States, 1927, 273 U.S. 456, 500, 47 S.Ct. 416, 71 L.Ed. 734; Curley v. United States, 1 Cir., 1904, 130 F. 1, 2; Wallenstein v. United States, 3 Cir., 1928, 25 F.2d 708; Falter v. United States, 2 Cir., 1928, 23 F.2d 420, 421; Langer v. United States, 8 Cir., 1926, 76 F.2d 817; United States v. Harding, 1936, 65 App.D.C. 161, 81 F.2d 563, 567.

For, by the bribery of the employes of the corporations, the Government is deprived of open and competitive bidding in the letting of its contracts. And considerations of worth, which should enter into awards of contracts in fulfillment of governmental undertakings, are brought to naught. These detriments flow from the very agreement to offer and accept bribes and commissions in the performance of one's duty to one's employer. And it is not necessary to allege any other facts. Hence the above ruling.

The cause is returned to the Criminal Calendar Department for further proceedings.