## APPLEBAUM v. UNITED STATES.
### No. 11887.

Circuit Court of Appeals, Fifth Circuit.
Dec. 26, 1947.

Rehearing Denied Jan. 20, 1948.

John J. Kehoe and Aaron M. Kanner, both of Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Fred Botts, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit judge.

Charged in three counts of an indictment with violation of Sec. 91, Title 18 U.S.C.A., Criminal Code, § 39, Bribery of United States Officer, appellant was acquitted on Counts 1 and 3, and convicted on Count 2. Sentenced to a term of imprisonment and the payment of a fine, he is here urging three grounds for reversal.

The first is that the indictment should have been dismissed on his motion as too vague, indefinite and uncertain to inform the defendant of the nature and cause of the accusation against him. The point made here is that the indictment does not allege the duties of Mr. Corbett, the person defendant was charged with attempting to bribe, or what acts it was intended that he should do in violation of his duties. The indictment alleged: that the United States Army had been using the Patrician Hotel and had returned, or was proposing to return, it to the owners; that there was in progress an examination and survey of the hotel to determine what damages had occurred and what sums the United States should pay as just compensation therefor; and that one Robert Corbett was an inspector acting in connection with such restitution, settlement and the payment of damages, and that he was then and there an inspector in execution of his official duties. It further alleged that defendant did give him $150 with the corrupt intent to induce him "to do acts in violation of his official duties, that is to say, to influence the action of * * * such inspector in connection with his report and recommenda-

tion concerning the amount of payments to be made by the United States to the owner of said Patrician Hotel in connection with the settlement of claims between the United States Government and the owner of said Patrician Hotel for damages occurring during the use and occupancy of said Patrician Hotel by the United States Army". It is quite clear, we think, that the indictment was not vulnerable to the objection made.

The second ground put forward is that after the jury had been selected and duly empaneled, but before it was sworn, the court erred in stating to it, "The very object of the jury system is to secure a comparison of views and arguments among the jurors themselves. Each juror should listen, with a disposition to be convinced, to the opinions and argument of his fellow jurors". The point made here is that the effect of the instruction was to deprive the defendant of the benefit of the individual judgment of each juror by charging each juror in effect that he should regard himself not as an individual juror but as a member of a group and be prepared to yield his judgment to that of the group if he could not convince them.

We cannot agree that the charge to the jury is subject to such a construction. In addition to the statement quoted above, the court declared: "Of course, a verdict must be unanimous; it must represent the individual view of that juror; otherwise, it would not be unanimous". The charge as a whole was intended to, and did, correctly set out for the jury the general nature of the deliberative processes which precede the reaching of a verdict.

Appellant's third ground is that the evidence was insufficient to support a ver-dict of guilty. We put aside the Government's objection that appellant is in no position to make this point here because, while he did move for a direction at the close of the Government's evidence, he did not renew his motion at the close of the entire case.[1] In a case, and upon a charge of moral turpitude, of the nature of this, we would not, if there was no evidence to support the verdict, permit the judgment to stand merely because the defendant had failed at the close of his case to renew his motion for a directed verdict. We have, therefore, examined the record to determine whether there is evidence supporting the claim of the Government and the verdict of the jury, that the defendant undertook to bribe Corbett to make a favorable report by soliciting him to do so and putting $150 in his pocket in payment. Appellant contends that the evidence shows not an attempt at bribery but that at the conclusion of the examination, grateful for the courtesies shown him by Corbett, and with no purpose or intent to induce him to do anything in the future, appellant handed the money to Corbett as a gift or gratuity in appreciation of those courtesies.

Unfortunately for appellant, his testimony as to what was said between him and Corbett about his paying Corbett to do something for him, and as to how the actual money was paid[2] is in direct conflict with that of Corbett. Conceding that appellant's testimony standing alone would have shown not a case of bribery but of mere bad taste in giving a gratuity to a public servant, his testimony did not stand alone, and the jury, as it had a right to do, accepted Corbett's flatly contradictory version. No error appearing, the judgment is affirmed.

---

[1] Alderman et al. v. United States, 5 Cir., 279 F. 259; Hodgkinson v. United States, 5 Cir., 5 F.2d 628; Smith v. United States, 5 Cir., 63 F.2d 110.

[2] Corbett testified that appellant "appeared in the room and put his hand in my left side trouser pocket and put something in there". Appellant testified he gave the money to him in his hand.