**UNITED STATES, Plaintiff-Appellee,**

v.

**Evan Raymond DALE, Defendant-Appellant.**

No. 11427.

United States Court of Appeals
Seventh Circuit.

May 26, 1955.

———————

John J. Hoban, East St. Louis, Ill., for appellant.

C. M. Raemer, U. S. Atty., East St. Louis, Ill., and Edward G. Maag, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

## DUFFY, Chief Judge.

This is a petition by defendant to be enlarged upon bail pending an appeal to this Court from his conviction under the provisions of Title 18 U.S.C. § 1951, known as the Anti-Racketeering Act.[1] Defendant was tried before a jury upon an indictment containing three counts.

In the first count defendant and another were charged with conspiracy to obstruct interstate commerce by extorting $1,030,000 "by calling and conjuring up strikes, causing labor disputes, work stoppages, and difficulties in connection with the construction of" the power plant being constructed at Joppa, Illinois, "under various pretexts and claims of right but not actually for the purpose of obtaining legitimate labor objectives * * *." This count charged the attempted extortion from Ebasco Services, Inc. and Electric Energy, Inc. and the officers and agents of both. Ebasco Services, Inc. was the contractor, and Electric Energy, Inc. was the owner of the power plant being erected which was to furnish electric power for an atomic energy plant in Kentucky.

The second count charged the defendant and another with attempting to extort $1,030,000 from the same victims as alleged in count one. The third count charged the defendant alone with obstructing interstate commerce by extortion by extorting $7,500 from Maxon Construction Company, a sub-contractor under Ebasco Services, Inc.

The jury found the defendant guilty on all three counts and the District Judge sentenced defendant Dale to imprisonment for 15 years on each count, said sentences to run concurrently, and he imposed a fine of $10,000.00. Judge Wham refused defendant's petition to be enlarged upon bail pending appeal, referring to Dale as a "menace" because of his threats to his community and his disloyalty to his Union.

Defendant concedes that there is ample evidence in the record from which the jury could conclude that the defendant threatened economic loss in the form of labor trouble if defendant's demands for money were not met. Testimony at the trial also showed that defendant Dale asserted to his victims that 15 years ago he had been a chauffeur for a gangster, Blackie Perazzo of Chicago, and that by reason of Perazzo's murder, it had been necessary for Dale to leave Chicago. He also told his victims that 15 years previously he had exchanged his shovel for a blackjack and had been using it effectively ever since, and bragged about his control over 38,000 laborers in southern Illinois, Indiana and Kentucky. Dale asserted to his victims that if they did not perform business in the "customary manner" trouble usually developed, and that one contractor failed to do business in the "customary manner" and seven men were killed. Defendant boasted that he had been indicted for murder but that the State's Attorney who had procured the indictment was defeated at the next election by the labor vote controlled by defendant. Dale asserted to his victims

[1]. Some of the Court opinions refer to this section as the "Hobbs Act". The original Anti-Racketeering Act of 1934, 48 Stat. 979, was re-enacted with amendments in 1946, 60 Stat. 420.

that the job never would be completed unless they did business in the "customary manner" and that an example of what would happen if they failed to do so was a job where there had been 87 work stoppages. Dale explained to his victims that to insure labor peace it was customary to pay him 1% of the contract price in cash.

Rule 46(a) (2) Federal Rules of Criminal Procedure, 18 U.S.C.A., provides: "Bail may be allowed pending appeal or certiorari only if it appears that the case involves a substantial question which should be determined by the appellate court. * * *" Defendant contends a substantial question is involved because he claims that the Anti-Racketeering Act does not punish as extortion the obtaining of money or other valuable consideration by "fear" of mere economic reprisal. Secondly, defendant contends that there is not sufficient evidence in the record to support the charge that defendant was guilty of extortion by inspiring fear of physical violence. Defendant's third point is that he was denied his constitutional rights because about a year prior to the time of the trial he was required to submit to inquisition before a Missouri grand jury at which time questions were directed to him with reference to certain labor practices at Joppa, Illinois.

We consider first defendant's principal contention that a substantial question is here presented for review because "fear" of economic loss is insufficient to support a conviction under the Anti-Racketeering Statute. Defendant says: "This question appears never to have been directly decided in any court." In making this claim defendant's counsel is clearly in error. The most recent case is Bianchi v. United States of America, 8 Cir., 219 F.2d 182, certiorari denied 75 S.Ct. 604. That Court, after pointing out that the Anti-Racketeering Act does not curtail legitimate labor activities, and after setting forth the same contentions made by the defendants there as made by the defendant here, stated, 219 F.2d at page 189: "Defendants have cited no authority sustaining their position. We conclude that 'fear' as defined in the extortion section of the Anti-Racketeering Act should be given its ordinary meaning, and consequently 'fear' would include fear of economic loss." The Court also pointed out that in Nick v. United States, 8 Cir., 122 F.2d 660, 138 A.L.R. 791, the only threat that Nick had made was to have his operators strike, and the only fear there involved was the fear of economic loss. Nevertheless, the Court there sustained the conviction under a statute where the wording was similar to the statute under which the defendant, in the instant case, was prosecuted.

Other cases where courts have held fear of economic loss and injury is sufficient under the extortion section of the Anti-Racketeering Act are United States v. Compagna, 2 Cir., 146 F.2d 524, and Hulahan v. United States, 8 Cir., 214 F.2d 441. We find no authority to the contrary. We do not think a substantial question is presented on this point.

Defendant seems to concede that if he had used threats which inspired fear of physical violence and extorted or attempted to extort money by reason thereof, such conduct would be within the scope of the Anti-Racketeering Act. At least one count of the indictment herein made such a charge and defendant was found guilty thereof. Defendant now says that there was not sufficient evidence in the record to support that charge. Although we do not have the record before us, defendant here admits that witnesses (which the jury was entitled to believe) testified to threats made by defendant as hereinbefore set forth. We think such threats would naturally and logically inspire fear of physical violence. As the sentences imposed where to run concurrently the burden was upon petitioner to show error as to each count. Ex parte Cohen, 9 Cir., 191 F.2d 300, certiorari denied Cohen v. United States, 342 U.S. 947, 72 S.Ct. 551, 96 L.Ed. 704. See also United States of America v. Wheeler, 7 Cir., 219 F.2d 773, 774; United States v. Kelley, 7 Cir., 186 F.2d 598, 602, certiorari denied 341 U.S. 954, 71 S.Ct. 1004, 95 L.Ed.

184

1375, and United States v. Perplies, 7 Cir., 165 F.2d 874, 877. The petitioner has not met this burden.

■ The remaining point relied on by defendant is that the trial court erred in denying defendant's belated motion to dismiss the indictment. This motion was presented on the second day of the trial and claimed that defendant was subpoenaed and testified before a grand jury in the State of Missouri, and that at said time he did not have an attorney, nor was he advised of his privilege against self-incrimination. Although we think there is no merit to defendant's contention, see Thompson v. United States, 7 Cir., 10 F.2d 781, certainly his objection to the indictment was not timely made. The indictment had been filed many months before the date of the trial. Defendant was represented by competent counsel. No showing is made that defendant claimed his privilege. His objection comes too late. United States v. Rosenberg, 2 Cir., 195 F.2d 583, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687; Rule 12, Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ The attitude of this Court has been extremely liberal for granting petitions for enlargement upon bail pending appeal. However, we consider this an exceptional case. First, we are convinced that no substantial question is presented which should be determined by this Court. Second, if defendant were released on bail there would be a temptation, at least, for defendant to absent himself. The government points out that the defendant is presently under six indictments in the Eastern District of Illinois charging 37 violations of the Anti-Racketeering Act; that he is under an indictment in the Eastern District of Missouri charging offenses under the same statute, and that he is also under indictment in the Southern District of Illinois on the charge of evading more than $150,000 in income tax. Undoubtedly the District Court considered these numerous charges might be a temptation for the accused to seek a more hospitable climate.

Applications for release upon bail pending appeal have been denied in similar cases. In Bianchi v. United States of America, 8 Cir., 219 F.2d 182, certiorari denied, 75 S.Ct. 604, the defendant's motion for enlargement upon bail was denied by both the trial court and by the Court of Appeals for the Eighth Circuit. Thereafter, on May 5, 1954, Mr. Justice Clark of the Supreme Court likewise denied the application. Likewise in United States v. Callanan, D.C., 113 F. Supp. 766, defendant and four others were convicted of conspiracy under the Anti-Racketeering Act and of substantive offenses under that Act. Callanan was sentenced to imprisonment for 12 years under each count, and bail was denied him by the District Court pending appeal. Application was made by Callanan to the United States Court of Appeals for the Eighth Circuit which petition was there denied, 223 F.2d 171, following which Callanan applied to the Justices of the Supreme Court, but enlargement upon bail was denied him during the October Term, 1954.

Petition for enlargement upon bail is Denied.