Odie Thomas PIPKIN, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16220.

United States Court of Appeals
Fifth Circuit.

April 22, 1957.

Lester L. May, Dallas, Tex., for appellant.

William N. Hamilton, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Convicted of having asked, accepted, and received a bribe of $5000, in violation of the provisions of Sec. 202, Title 18 U.S.C., and sentenced to imprisonment and to pay a fine, defendant has appealed, presenting eighteen specifications of error. Of these Nos. 1 to 8 present in different forms the same general points: (1) that the court erred in not directing a verdict in his favor not on the ground that he did not accept and receive the $5000 but on the ground that defendant did not and could not under any circumstances have had any such influence in the granting of the contract involved as would make him guilty under the statute; and (2) that,

if he was not entitled to a direction, the court erred in not properly submitting to the jury as an issue of fact whether or not he had or could have had any such influence.

Fully argued together in his brief, these constitute the errors on which he primarily relies, and specifications Nos. 9 to 18, though not argued in his brief, are urged upon us as also meritorious on the record individually and as a whole. The United States, in its brief, deals with each specification individually, opposing to each a counterpoint of its own.

Because we are of the clear opinion that the lack of merit of the greater part of the specifications of error, including especially specifications Nos. 9 to 17, is obvious, we shall not follow this course.

Dealing first with and disposing of appellant's argued assignments Nos. 1 to 8, that under the undisputed evidence or, if not, under a view of it which the jury might have taken, he could not have been guilty of the denounced offense and that he should either have had an instructed verdict or instructions should have been, but were not, given, submitting his defensive theory, we shall briefly and precisely give our reason for thinking that they present no case for reversal.

First and most important, we think we should say that appellant's request for an instructed verdict and for the giving of his special charge No. 3 is based upon a mistaken opinion as to the construction and scope of Sec. 202, the bribery statute, and that this in turn proceeds from his unwarranted reliance on the two cases he cites, Blunden v. United States, 6 Cir., 169 F.2d 991, and United States v. Waldin, D.C., 139 F.Supp. 156. If these cases go as far as the appellant

contends for, and there is certainly warrant for so contending, we think the undisputed facts of this case go further in the direction of responsible guilt than the facts in those cases did, but, more important, we think it plain that they were not correctly decided, and that, as pointed out in Hurley v. United States, 4 Cir., 192 F.2d 297 and Wilson v. United States, 4 Cir., 230 F.2d 521, the statute is subject to no such restrictive construction.

■ When it comes to the facts of this case, it would be difficult, we think, to find a more conspicuous case of one asserting and having a sufficient position in connection with the proposed bribing to bring him directly within the offense denounced in the statute. Not denying, indeed admitting that he had accepted the bribe, one of his defenses, entrapment, put up the claim that he did so in order to catch or entrap Temco Company as a bribe giver. In addition, the evidence as a whole, including that of the defendant himself, clearly shows him to have been an employee who was in a position to influence the giving of the contract in question, and that the bribe theory on which he relies to escape punishment, that because his functions were purely advisory and he was not one who was required to make final decisions, he could not come within the bribery statute and was therefore entitled to a directed verdict, is wholly groundless.

■ For the same reason, that throughout the trial below, and especially in requesting the charge, he was proceeding on this misconception, there was no error in refusing his requested instruction No. 3.[1]

---

[1] "Now comes the defendant, Odie Thomas Pipkin, and requests the Court to instruct the jury as follows:

"Gentlemen of the Jury: You are instructed as part of the law in this case that if the defendant did not have any authority to contract, make contracts, procure contracts, or guarantee contracts in his official position, which, if it was a fact at the time of the alleged offense, then this defendant could not be guilty

of any offense and particularly the offense charged in the indictment and the Government's proof thereunder. Bearing this in mind, if you find and believe from the evidence that this defendant had no such authority as outlined above then, in that event, you will find the defendant not guilty, or if you should have a reasonable doubt thereof you must resolve such doubt in the defendant's favor and acquit him."

This charge, carrying forward into it the same erroneous view which underlies his request for a directed verdict, asks in different form but to the same effect, such a verdict. If given, it would have told the jury that if they believed that he was not the contracting officer and that in his official position he was not able to deliver on the promise made and received as the consideration for the bribe, by making or guaranteeing the making of a contract, he could not be held guilty. This error in approach operates also to defeat defendant's claim that, though the charge requested was itself erroneous, defendant, in his objections to the general charge and in his requests for additional charges, cured this error because in those objections and requests defendant stood upon the same theory and repeated the same request, saying:

"* * * We object to the charge * * * in that the charge did not contain one wherein the jury should have found this defendant not guilty, if they found and believed that in the department he worked in, and the authority that he had under his duties with the United States Government, he could not in any way have guaranteed, procured, or let a contract with any contractor, and, in particular, with Temco."

In his brief, the defendant, recognizing the narrow scope of his requests for charges, citing Lott v. United States, 5 Cir., 218 F.2d 675, grounds his main argument on the claim that, though the charge he requested was not correct as matter of law, it was the duty of the court, to submit to the jury every essential element of his case, and therefore, though he did not request a proper charge, it was the duty of the court to give it.

While we could agree with this contention if it were supported by the facts, we think the short and simple answer to it is that under the undisputed facts of this case, considering the nature of the defense and the testimony of the witnesses, including the defendant himself, the court properly rejected defendant's theory of the case which, as the court properly said in refusing requested charge No. 3, if adopted would have in effect required a verdict for the defendant. In addition, the court gave the jury a full and adequate charge correctly presenting the issues in the case as the facts made them out in the evidence.

This same consideration answers specification No. 7, in which, pointing to the statement in the court's main charge: "The defendant on his part denies guilt and denies he was in a position to deliver any help to the Temco Aircraft Corporation even though the money was paid to him for such purpose"; the appellant assigns as error that the court did not there or elsewhere in the main charge give an affirmative direction to the jury that, if they found this issue in favor of the defendant, they would find him not guilty.

Defendant did not request such a charge, indeed, it was in complete contradiction to the charge which he had asked, that, to be found guilty, he must be in a position not merely to help but to make or guarantee the contract, and in addition, under the undisputed evidence, the charge ought not to have been given, because the evidence shows without conflict that the defendant was in a position to deliver some help, and such a charge would have therefore amounted to an instruction to acquit.

Of the specifications Nos. 9 to 18, inclusive, four, 9 to 13, deal with the rulings of the court in denying the motions to dismiss and to strike portions of the indictment, and in overruling appellant's objection to the government's bill of particulars, and it is sufficient to say that an examination of the record shows that they are completely without substance.

Of the objections 14 to 17, dealing with rulings of the court in the admission of evidence, it is sufficient, without setting them out or the record which supports them, to say that under the issues made and joined in this case, the

rulings of the court did not constitute prejudicial error but represented the correct action required by the necessities of the case in the production of relevant evidence.

■■ His final point, that where the court at the jury's request read the indictment to them, he should have read the bill of particulars also, is equally insubstantial. No case is cited which supports the contention. We think none can be found. The object and purpose of a bill of particulars is not to supplement or in anywise change or affect the indictment as an indictment. It is to better apprise the defendant of what he is expected to meet. The jury did not ask for and would not have known what to do with the bill of particulars. No useful purpose could have been served by reading it to the jury. Indeed it would have been error to read it. In short, no conceivable error is raised by the assignment.

No reversible error appearing, the judgment is

Affirmed.