UNITED STATES of America
v.
Charles V. LABOVITZ and Martin Abrams; Martin Abrams, Appellant.

No. 12306.

United States Court of Appeals Third Circuit.

Argued Nov. 19, 1957.

Decided Jan. 13, 1958.

Edwin P. Rome, Philadelphia, Pa. (Morris L. Weisberg, Blank, Rudenko & Klaus, Philadelphia, Pa., on the brief), for appellant.

Joseph L. McGlynn, Asst. U. S. Atty., Philadelphia, Pa. (Harold K. Wood, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On this appeal from a conviction of bribery and conspiracy to bribe a federal employee the only question which requires discussion is one raised concerning the criminal intent which is an essential element of the crime of bribery as defined in Section 201 of Title 18 of the United States Code.

The following factual picture was disclosed by the evidence for the prosecution. Under an Army supply contract the government had paid the contracting corporation an estimated price for certain articles of its manufacture, subject to a price redetermination on the basis of the contractor's cost experience. In due course of renegotiation proceedings the contracting officer reached a tentative conclusion that the contractor should refund about $16,000 to the government. However, the contractor, advised of this, proposed and was authorized to make a further showing as to its costs. At this stage, according to the government's case, appellant Abrams, acting in concert with co-conspirator Labovitz, the president of the contracting corporation, offered money to a government accountant assigned to this case for the purpose of inducing him to recommend to the contracting officer a reduction of the refund claim.

It did not appear whether or not the contractor's proposed supplementary submission did or could afford any factual or legal justification for a reduction of the refund claim. The government did not negative the possibility that, had there been no bribe, the accountant might, on the available data, lawfully and properly have made the very recommendation that Abrams wanted him to make. Moreover, in charging the jury the trial judge spoke of the intention to influence an official decision as the gravamen of the offense. He said nothing about the lawfulness or unlawfulness of the result sought. It is in this context that the question of requisite criminal intent arises.

▇▇▇▇ The bribery statute itself deals explicitly with the element of criminal intent, making it a crime to offer money to any person acting for the United States "with intent to influence his decision or action on any * * * matter * * * before him in his official capacity * * * or to induce him to do or omit to do any act in violation of his lawful duty * * *" 18 U.S.C. § 201. For present purposes the important point is that the statute states the essential criminal intent in alternatives. On the face of the statute, either an intention to influence official behavior or an intention to induce unlawful action will supply the culpability which the statute requires. The reason for this is obvious. It is a major concern of organized society that the community have the benefit of objective evaluation and unbiased judgment on the part of those who participate in the making of official decisions. Therefore, society deals sternly with bribery which would substitute the will of an interested person for the judgment of a public official as the controlling factor in official decision. The statute plainly proscribes such corrupt interference with the normal and proper functioning of government.

In support of his position that bribery under § 201 must be directed at the accomplishment of unlawful action, the appellant cites United States v. Glazer, D. C.Del.1955, 129 F.Supp. 285. We are not sure that the language used in that decision was so intended. In any event, a correct judicial statement of the matter appears in Daniels v. United States, 9 Cir., 1927, 17 F.2d 339, 343, certiorari denied Appell v. U. S., 274 U.S. 744, 47 S.Ct. 591, 71 L.Ed. 1325, where the court said "that to constitute the offense of attempted bribery it is immaterial whether the official action sought to be influenced be right or wrong." And in United States v. Schanerman, 3 Cir., 1945, 150 F.2d 941, 943, this court, quoting the language of Kemler v. United States, 1 Cir., 1942, 133 F.2d 235, 238, stated the controlling rationale as follows:

"* * * Obviously no one would give or offer a bribe unless he expected to gain some advantage thereby, and since attempting to gain an advantage by this means is the evil which the statute is designed to prevent, it can make no difference if after the act is done the doer discovers that for some reason or another, be it a mistake on his part or a mistake on the part of some officer or agency of the United States, there was actually no occasion for him to have done it. The statute is violated when a bribe is given or an offer to bribe is made regardless of the occasion therefor, provided it is done with the requisite intent and provided the acceptor or the offeree of the bribe is a person of the sort described in the statute."

There was no trial error in the treatment of the matter of criminal intent. The other points urged by appellant are decided against him without discussion.

The judgment will be affirmed.